## BURROW, Respondent, v. POUND *et al.*, Appellants.

1. A. agreed with B. that if the latter would proceed with his team to a place at a distance he would furnish him with 3,000 pounds of "back loading" from that place; B. did go with his team to the designated place and A. furnished him with only a portion of the freight agreed upon. *Held*, that B. was entitled to recover for the whole amount agreed upon.

*Appeal from Newton Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Edwards & Ewing*, for appellants.

I. The court erred in refusing the instructions asked.

EWING, Judge, delivered the opinion of the court.

This was a suit before a justice of the peace for money alleged to be due on a contract by which the plaintiff agreed with defendants to transport from Jefferson city to Granby three thousand pounds of goods, at two dollars per hundred.

The statement filed with the justice alleges that defendants agreed with plaintiff that, if he would proceed to Jefferson city with his team, defendants would furnish him with three thousand pounds of back loading from there to Granby, in Newton county, at the rate of two dollars per hundred pounds; that in pursuance of said agreement plaintiff went to Jefferson and demanded from Cloney, Crawford & Co., the agents of defendants, the goods, but that defendants failed to comply with their agreement, whereby they were damaged sixty dollars. Plaintiff had judgment for the sum claimed, from which defendants appealed to the circuit court, where, on a trial by a jury, plaintiff had judgment again for fifty-six dollars.

There was but one witness examined, who proved the agreement as set forth in the statement filed, and that the plaintiff proceeded to Jefferson with his wagon and team, and obtained only eighteen hundred pounds of goods of defendants—that being all they had at that place; that plaintiff got two hundred pounds additional, the goods of another firm at Granby, and returned with a load of two instead of three thousand pounds. The defendants asked two instructions, the first of which is in effect that the plaintiff ought not to recover for the one thousand pounds which he failed to get; and the other is " that unless the jury believe from the evidence that plaintiff tried to get other hauling and

failed, they ought to find for the defendants." The refusal of these instructions is assigned for error.

Both instructions are obviously erroneous. The agreement was to transport a given amount of freight at a stipulated price per hundred. The quantity was as distinctly contracted for as the price for which it was to be hauled, and the assurance of obtaining that much was the main inducement, as may be supposed, to the undertaking of transporting goods such a distance. The time and expense of plaintiff were the same whether he got half or the whole of the goods stipulated for ; and as he was ready to perform, and did perform, the contract on his part, so far as it was possible, he is entitled to full freight.

The second instruction was properly refused because it declares the plaintiff can not recover even *pro rata* freight, unless he made efforts to obtain other goods and failed; that he is entitled to no compensation for the goods he actually hauled for the defendants by reason of failing to get others to make up the quantity which the defendants bound themselves to furnish.

The judgment is affirmed; the other judges concurring.